UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CALVIN HARMON,

                Plaintiff,

  -against-

PATROLMAN'S BENEVOLENT
ASSOCIATION OF THE CITY OF NEW
YORK,

                Defendant.

------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. CV-05-589(FB)(LB)

*Appearances:*
*For the Plaintiff:*
CALVIN HARMON, *pro se*
61 Martense St. Apt. 5-A
Brooklyn, NY 11226

*For the Defendant:*
MICHAEL T. MURRAY, Esq.
Office of the General Counsel
Patrolmen's Benevolent Association
of the City of New York, Inc.
By: Clifford Scott, Esq.
40 Fulton Street
New York, NY 10038

**BLOCK, District Judge:**

        Plaintiff Calvin Harmon ("Harmon"), a former New York City police officer, filed this action against defendant New York City Patrolmen's Benevolent Association ("PBA")[1] pursuant to 42 U.S.C. §§ 1981 and 1983. Harmon alleges that the PBA

---

[1] The caption of the complaint refers to the defendant as the Patrolman's Benevolent Association; however, the correct spelling of defendant's legal name is the

1

discriminated against him on the basis of race and violated his Fourteenth Amendment due process and First Amendment rights by refusing to reimburse him for legal fees incurred during disciplinary proceedings brought against him by the New York City Police Department. The present complaint is the second complaint filed by Harmon in this court in connection with the PBA's refusal to reimburse his legal fees; Harmon's first complaint against the PBA, which contained substantially similar although not identical claims, was filed in 1995. This Court dismissed Harmon's first complaint as barred by collateral estoppel, concluding that an administrative decision by the New York City Office of Collective Bargaining ("OCB"), which heard and rejected Harmon's claims of discrimination, was entitled to preclusive effect. *See Harmon v. Matarazzo*, 1997 WL 94233 (E.D.N.Y. Feb. 27, 1997). The Second Circuit affirmed the dismissal, finding that although the OCB's decision was not preclusive, Harmon failed to state a claim under §§ 1981 or 1983. *See Harmon v. Matarazzo*, 162 F.3d 1147 (2d Cir. 1998) (table).

The PBA moves to dismiss the present action pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that it is barred both by the applicable statute of limitations and by the doctrines of collateral estoppel and res judicata; alternatively, the PBA argues that Harmon fails to state a claim under §§ 1981 and 1983. The PBA also moves for an order imposing sanctions against Harmon pursuant to Fed. R. Civ. P. 11(b)(1) and (2) and enjoining Harmon from filing additional actions based on the same underlying facts as the present complaint. The Court concludes that the claims are barred by the statute of limitations and accordingly grants the PBA's motion to dismiss, but denies the PBA's

---

Patrolmen's Benevolent Association.

motion for sanctions or a filing injunction. Because the Court finds that the applicable statute of limitations requires dismissal of Harmon's claims, it does not address the PBA's alternative arguments in support of its motion to dismiss.

## I.

Where, as here, a party is proceeding *pro se*, the Court must "read the [*pro se* papers] liberally, and . . . interpret them to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1998). Nonetheless, the fact that a litigant is proceeding *pro se* "'does not exempt [that] party from compliance with relevant rules of procedural and substantive law.'" *Amnay v. Del Labs*, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

"Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss. Such a motion is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted . . . ." *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989). "In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999). The Court "take[s] as true all of the allegations contained in plaintiff's complaint and draw[s] all inferences in favor of plaintiff." *Weinstein v. Albright*, 261 F.3d 127, 131 (2d Cir. 2001).

## II.

According to Harmon's complaint, Harmon became a member of the PBA after joining the NYPD in 1973. The PBA's constitution and bylaws establish a Legal

3

Defense Assistance Program (the "Program") which is funded through monthly contributions from PBA members, and is designed to provide reimbursement for costs incurred in defending against legal actions. In 1991 the NYPD commenced an investigation into allegations of wrongdoing against Harmon. Harmon submitted a written fee request to the PBA for outside counsel to assist in his defense, to which the PBA failed to respond.

After receiving no response to his request from the PBA, Harmon filed an administrative complaint with the OCB. During a hearing before the OCB on October 5, 1992, Harmon became aware of facts which led him to believe that the PBA's refusal to properly consider his fee request was both racially motivated and made in retaliation for complaints of discrimination against minority officers which Harmon had previously lodged with the PBA. Harmon filed the present complaint under §§ 1981 and 1983 against the PBA on February 1, 2005, alleging that the PBA's actions violated his First Amendment rights, deprived him of a property interest in having his legal fees reimbursed without due process of law, violated his equal protection rights, and violated his right to make and enforce contracts.

### III.

#### A. Timeliness

Claims brought under §§ 1981 and 1983 in New York are generally governed by New York's residual three-year statute of limitations for personal injury claims. *See Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004) (applying three-year statute of limitations to § 1983 claim); *Mian v. Donaldson, Lufkin, & Jenrette Securities Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (stating that three-year statute of limitations is applicable to § 1981 claim). However, if a claim under § 1981 was made possible by the 1991 amendments to

§ 1981, which extended the statute to include claims of discrimination in the conditions of employment, the claim is governed by the four-year statute of limitations set forth in 28 U.S.C. § 1658(a). *See Jones v. RR. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004).

Harmon filed the present complaint in 2005, 14 years after the discriminatory actions he alleges occurred, and 13 years after Harmon asserts in his complaint that he first became aware of the fact that those actions were motivated by a discriminatory or retaliatory intent. Harmon's §§ 1981 and 1983 claims are therefore both clearly barred by the statute of limitations, regardless of whether or not the longer federal statute of limitations is deemed applicable to Harmon's § 1981 claim.

## B. Sanctions and Filing Injunction

A court may impose sanctions when a party has signed a pleading for "an improper purpose such as to delay or needlessly increase the cost of litigation, or does so without a belief, formed after a reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law." *Caisse Nationale De Credit Agricole-CNCA v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994). Furthermore, "district courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). The issuance of an order enjoining a plaintiff from filing suit is therefore "appropriate when a plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious, or repetitive . . . proceedings." *Id.* (citations and quotations marks omitted).

The Court declines to impose sanctions or a filing injunction at the present time. However, the Court's decision places Harmon on notice that any subsequent complaint based on the same events and containing the same allegations that form the basis for the present complaint will, as discussed above, be barred by the statute of limitations. The further filing of repetitive and untimely complaints against the PBA may therefore result in the issuance of an order imposing sanctions against Harmon, including barring the acceptance of any future complaints for filing without first obtaining leave of the Court to do so.

## IV.

The PBA's motion to dismiss is granted; the motion for sanctions and a filing injunction is denied. Harmon is cautioned that the filing of additional complaints against the PBA based on the same underlying events and allegations that appear in the present complaint may result in the imposition of sanctions or a filing injunction.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, NY
October 31, 2005